IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JUSTIN CLARK, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| GEORGE IVEY, *et al.*, | : | CASE NO. 5:16-CV-95-MTT-MSH |
| | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## REPORT AND RECOMMENDATION

Presently pending before the Court is Defendants' motion to dismiss (ECF No. 15), filed on August 12, 2016. Plaintiff responded on October 11, 2016 (ECF No. 24) and Defendants replied on October 28, 2016 (ECF No. 25). Defendants' motion is now ripe for review. For the reasons discussed below, it is recommended that Defendants' motion be granted.

### BACKGROUND

Plaintiff Justin Clark filed this action on March 4, 2016 pursuant to 42 U.S.C. § 1983. Plaintiff asserts six claims relating to a cell search and confiscation of his asthma pump. Plaintiff contends that Defendant Deputy Warden Ivey and Defendant Lieutenant Primus searched his cell on July 25, 2014 and confiscated his property, to include the asthma pump. Compl. 11, ECF No. 1. Plaintiff alleges that he informed Defendant Officer Burnette of the confiscation of his asthma pump and that Burnette talked to the shift supervisor (Defendant Primus) on Plaintiff's behalf, but was told that the pump

would be returned on Monday, July 28, 2014. *Id.* at 11-12. That evening, Plaintiff "suffered an asthma attack and experienced extreme difficulty breathing" and "a severe headache and chest pains." *Id.* at 12. Another inmate loaned his asthma pump to Plaintiff, and Plaintiff was "able to gain relief from the attack." *Id.* Plaintiff contends that he experienced difficulty breathing and chest pains throughout the ensuing weekend until his asthma pump was returned on Monday, July 28, 2014. *Id.* at 12-13.

Plaintiff received disciplinary charges on July 26, 2014 for possession of a cell phone—based on the cell search of July 25, 2014. *Id.* The disciplinary report reporting officer was Defendant Burnette. *Id.* Plaintiff alleges that Defendant Burnette told him that Defendant Ivey and Defendant Primus had instructed Defendant Burnette to fabricate a disciplinary report due to Plaintiff's complaints regarding his asthma pump. *Id.* at 13. However, Plaintiff avers the disciplinary reports were never "formally logged in the records . . . as required by GDC SOP." *Id.*

Plaintiff filed a grievance against Defendant Ivey "for the intentional and retaliatory confiscation of his asthma pump" on July 30, 2014. *Id.* at 14. Plaintiff believes that Defendant Ivey was notified of the grievance. *Id.*

Plaintiff alleges that on August 1, 2014, Defendant Dr. Lift informed Plaintiff he was discontinuing his respiratory treatment—despite refills remaining—because he no longer believed Plaintiff required the treatment. *Id.* Plaintiff contends that this discontinuation of medical treatment was related to the grievance Plaintiff filed against Defendant Ivey. *Id.* at 15. Plaintiff filed a grievance on August 2, 2014 against Defendant Lift for discontinuing his treatment. *Id.* Plaintiff filed an appeal of the denial

of his grievance against Defendant Ivey on September 11, 2014. Plaintiff was transferred to another facility on September 26, 2014. *Id.*

Plaintiff raises six claims, seeking declaratory relief, monetary damages, and an injunction requiring Defendants to schedule Plaintiff with a respiratory specialist:

> Claim One: Eighth Amendment deliberate indifference to medical needs claim against Defendants Ivey and Primus for confiscation of Plaintiff's asthma pump on July 25, 2014.
>
> Claim Two: Eighth Amendment deliberate indifference to medical needs claim against Defendant Lift for discontinuation of Plaintiff's asthma pump treatment on August 1, 2014.
>
> Claim Three: First Amendment claim for Defendants Ivey, Primus, Burnette and Lift conspiring and retaliating against Plaintiff by filing false disciplinary charges.
>
> Claim Four: First Amendment claim for Defendants Ivey, Primus and Lift conspiring and retaliating against Plaintiff by discontinuing his asthma medication.
>
> Claim Five: First Amendment claim against Defendant Ivey for retaliating against Plaintiff for filing a grievance appeal by searching Plaintiff's cell on September 12, 2014.
>
> Claim Six: State law negligence claim for Defendants Ivey, Primus and Lift's actions in confiscating and discontinuing Plaintiff's asthma pump.

Defendants move to dismiss, claiming that Plaintiff failed to exhaust all claims except Claim One as to Defendant Ivey. Defendants move to dismiss Claim One as to Defendant Ivey, arguing that Plaintiff fails to state a claim.

## DISCUSSION

**I.   Exhaustion**

Defendants aver that Plaintiff's claims—with the exception of Claim One as to Defendant Ivey—should be dismissed for failure to exhaust. The Court agrees. Title 42, United States Code section 1997e(a) provides that "[n]o action shall be brought with

3

respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (internal quotation marks and citation omitted). The argument that a plaintiff has failed to satisfy section 1997e(a) is properly raised in a motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) ("[E]xhaustion should be decided on a Rule 12(b) motion to dismiss[.]"). Furthermore, since dismissal for failure to exhaust is not an adjudication on the merits, the Court can resolve factual disputes using evidence from outside the pleadings. *Id.* at 1376.

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true." *Id.* If, taking plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed. *Id.* "If the complaint is not subject to dismissal at the first step . . . , the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* The defendant bears the burden of proof during this second step. *Id.*

Defendants move to exhaust, arguing that Plaintiff failed to exhaust Claim One as to Defendant Primus and Claims Two, Three, Four, and Five as to all Defendants. Defs.' Br. in Supp. 5-6, ECF No. 15-1. Plaintiff responds that Defendants' motion should be denied because he exhausted his first grievance and his second grievance could not be exhausted because it was "signed and returned by Hancock State Prison officials without a grievance number, a response, or an appeal form" and it "was never logged into records." Pl.'s Br. in Supp. of Resp. 4, ECF No. 24-1.

Defendants provided the GDOC's Standard Operating Procedures regarding grievances. Mahoney Aff. 9, ECF No. 15-2. For grievances filed on or after December 10, 2012, the GDOC grievance procedure consists of two steps: (1) the Original Grievance, which the Warden must respond to within 50 days and (2) the Central Office Appeal to the Office of the Commissioner, which must be responded to within 100 days. Mahoney Aff. ¶ 11. An inmate must file an Original Grievance no later than 10 calendar days from the date the offender knew or should have known of the facts giving rise to the grievance. *Id.* at ¶ 13. The Warden can either reject or accept the grievance. *Id.* at ¶ 14. If a grievance is accepted, staff is appointed to investigate the complaint. *Id.* The Warden has forty (40) calendar days from the date the inmate gave his Grievance Form to the Counselor to deliver the decision to the inmate. *Id.* at ¶ 16. An inmate has seven (7) calendar days from the date he receives the response to the Original Grievance to file a central Office Appeal. *Id.* at ¶ 18. An inmate may file a Central Office Appeal if the grievance is rejected without investigation, if a decision is rendered on the Original Grievance, or if the time allowed for the Warden's decision has expired without any

5

decision being given to the inmate. *Id.* at ¶ 17; Mahoney Aff. Ex. at 19, ECF No. 15-2.

Plaintiff avers that he filed two grievances related to the incidents of this lawsuit. Grievance number 178687 was filed on July 30, 2014. Compl. Ex. M, ECF No 1-12. In that grievance, Plaintiff complains that Defendant Ivey confiscated his asthma pump and he suffered an asthma attack. *Id.* He requested that Defendant Ivey be told that it is against SOP to confiscate an inmate's medication. *Id.* Plaintiff did not mention Defendant Primus. *See id.* Grievance 178687 was denied on August 27, 2014. Compl. Ex. E, ECF No. 1-5. Plaintiff appealed the denial of his grievance, and received an appeal response on May 29, 2015. Compl. 3 and Ex. K, ECF Nos. 1, 1-10. An unnumbered grievance was filed on August 2, 2014, wherein Plaintiff complains that Defendant Lift had "discontinued [Plaintiff's] asthma pump that still had six refills left" just "one day after [Plaintiff] filed a grievance" against Defendant Primus and others. Compl. Ex. D, ECF No. 1-4. The grievance was rejected on August 5, 2014 because a "similar grievance [was] already filed[.]" *Id.* Plaintiff did not appeal this rejection, but avers that he could not because the process was unavailable. Pl.'s Br. in Supp. of Resp. 4.

At the first step of the exhaustion analysis, the Court looks to the Defendants' contentions and Plaintiff's response to see if they factually conflict. There is no factual conflict as to Claims Three and Five. Plaintiff never filed a grievance as to alleged false disciplinary reports or retaliatory searches. It is therefore recommended that Claims Three and Five, listed above, be dismissed for failure to exhaust. Plaintiff does not respond to Defendants' assertion that Plaintiff failed to exhaust Claim One as to

6

Defendant Primus[1]—as Defendant Primus was not listed in Grievance No. 178687. Therefore, there is no factual conflict that Plaintiff did not file a grievance against Defendant Primus for the July 25, 2014 of Plaintiff's asthma pump and it is recommended that Claim One be dismissed as to Defendant Primus.

Since the Claims Two and Four were not dismissed at the first step, the Court makes factual findings relating to exhaustion. As explained above, defendant bears the burden of establishing a lack of exhaustion at the second step of the inquiry. *Turner*, 541 F.3d at 1082-83. The Court makes the following factual findings and determines that Defendants meet their burden regarding Plaintiff's failure to exhaust.

Plaintiff's August 2, 2014 grievance complained that Defendant Lift "discontinued [Plaintiff's] asthma pump that still had six refills left" just "one day after [Plaintiff] filed a grievance" against Defendant Primus and others. Compl. Ex. D, ECF No. 1-4. Plaintiff and Defendants agree that the August 2, 2014 grievance was rejected, and Plaintiff received notice of that rejection on August 11, 2014. Compl. ¶ 81, ECF No. 1; Defs.' Br. in Supp. 3, ECF No. 15-1. The grievance procedure includes a mechanism for appealing a rejected grievance. *See* Mahoney Aff. ¶ 17, ECF No. 15-2; Mahoney Aff Ex. at 16, 18, 19, ECF No. 15-2. The grievance procedure does not include a requirement that the grievance be assigned a number to be appealable or that the appeal form be provided automatically. Plaintiff avers that the grievance process was unavailable to him and he was therefore unable to exhaust. Pl.'s Br. in Supp. of Resp. 4, ECF No. 24-1. However,

---

[1] Defendants concede that Plaintiff exhausted Claim One as to Defendant Ivey. Defs.' Br. in Supp. 5, ECF No. 15-1.

the August 2, 2014 grievance was rejected and returned to Plaintiff pursuant to the grievance procedure. A rejection of a grievance is not a failure to provide a grievance process. Plaintiff fails to put forth any evidence that he attempted to appeal the rejection, pursuant to the requirements of the grievance process. This Court thus finds that Plaintiff failed to exhaust as to Claims Two and Four, and the same should be dismissed.

## II.     Eighth Amendment deliberate indifference to medical needs claim against Defendant Ivey

Plaintiff's only remaining federal claim is an Eighth Amendment deliberate indifference to medical needs claim against Defendant Ivey. Defendants concede that Plaintiff exhausted his Eighth Amendment claim against Defendant Ivey, but argue that Plaintiff fails to state a claim; thus, Plaintiff's Complaint should be dismissed pursuant to Federal Rules of Civil Procedure Rule 12(b)(6). Defs.' Br. in Supp. 6, ECF No. 15-1.

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable

expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

"[T]o prevail on a deliberate indifference to serious medical need claim, [a plaintiff] must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l*, 588 F.3d 1291, 1306-07 (11th Cir. 2009). "A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Bingham v. Thomas*, 654 F.3d at 1176 (internal quotation marks and citation omitted). Deliberate indifference requires a showing of a "subjective knowledge of a risk of serious harm" and "disregard of that risk . . . by conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (citation omitted).

"[T]he diagnosis of asthma alone is not enough to establish a serious medical need." Crosby v. Perry, 4:09-cv-139-CDL, 2010 WL 2464887 at *6 (M.D. Ga. June 14, 2010) "It is common knowledge that some asthma 'attacks' are mild and brief in duration, while others are severe, prolonged, and even life threatening." *Id.* at *6 n.9. "Courts recognize this distinction and refuse to fashion a rule that every instance of failure to treat a prisoner or detainee's asthma rises to the level of a constitutional claim."

9

*Id.* Generally, courts have required that the plaintiff show "that the asthma attack was severe or that it led to physical harm." *Id.*

Plaintiff alleges that in the period during which Defendants held his confiscated asthma pump—July 25, 2014 to July 28, 2014—he suffered a single asthma attack that included a severe headache and chest pains. Compl. 12. The asthma attack ended when Plaintiff used another inmate's asthma pump. *Id.* Plaintiff experienced difficulty breathing and chest pains throughout the weekend, but does not allege that he sought any medical care. Plaintiff does not allege that Defendant Ivey was notified that Plaintiff was suffering from an asthma attack, nor does he allege that Defendant Ivey witnessed the asthma attack. *Id.* In fact, Plaintiff lists several GDOC employees who might have had knowledge of his asthma, but does not list Defendant Ivey. *See* Compl. 6, 11, 12. The Court finds that a single asthma attack in a three-day span of time does not rise to the level of a serious medical need. Moreover, the Court finds that, construing the facts in the light most favorable to Plaintiff, Plaintiff fails to show that Defendant Ivey had subjective knowledge of a risk of serious harm. For these reasons, the Court recommends dismissal of Plaintiff's Eighth Amendment claim against Defendant Ivey.

### III.    State law negligence claims

To the extent that Plaintiff's state law negligence claims are not barred by his lack of exhaustion, the Court should decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c). *See, e.g., Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.").

## CONCLUSION

For the reasons explained above, it is recommended that Defendants' motion to dismiss (ECF No. 15) be granted.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof.  The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made.  All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 9th day of December, 2016.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE