IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JUSTIN CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:16-CV-95(MTT) |
| | ) |
| GEORGE IVEY, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

The Magistrate Judge correctly determined that the Plaintiff's complaint failed to state a claim for which relief can be granted against Defendant Ivey for deliberate indifference to medical needs and that the Plaintiff failed to exhaust his administrative remedies for his other claims. Doc. 26. The Magistrate Judge also recommended that the Court decline to exercise supplemental jurisdiction over the Plaintiff's state law claims. *Id*. at 10. Although the Court agreed with the Magistrate Judge's conclusions, the Court provided the Plaintiff an opportunity to amend his complaint to correct any pleading deficiencies. Doc. 27. The Plaintiff has not amended his complaint.

Accordingly, for the reasons stated in the Magistrate Judge's Report and Recommendation (Doc. 26), the Plaintiff's complaint is **DISMISSED without prejudice**.[1]

---

[1] The applicable two-year statute of limitations appears to bar the Plaintiff from refiling his federal claims. Therefore, the dismissal is, in effect, likely with prejudice as to those claims. *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993); *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981). That is the reason the Court alerted the Plaintiff to his complaint's deficiencies and afforded him the opportunity to amend. Doc. 27. Since the Plaintiff has not amended his complaint, dismissal with prejudice is appropriate. *See Friedlander v. Nims*, 755 F.2d 810, 813-14 (11th Cir. 1985) (holding that dismissal with prejudice was not an abuse of discretion when the court gave the plaintiff a chance to amend).

-2-

**SO ORDERED**, this 15th day of February, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
