IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JUSTIN CLARK, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:16-CV-95(MTT) |
| GEORGE IVEY, *et al.*, | ) |
| Defendants. | ) |

## ORDER

On December 9, 2016, the Magistrate Judge recommended that the Defendants' motion to dismiss (Doc. 15) be granted. Doc. 26. The Plaintiff did not object to the Recommendation. The Magistrate Judge had correctly determined that (1) the Plaintiff's complaint failed to state a claim for which relief can be granted against Defendant Ivey for deliberate indifference to medical needs, (2) the Plaintiff failed to exhaust his administrative remedies for his other federal claims, and (3) the Court should decline to exercise supplemental jurisdiction over the Plaintiff's state law claims. Doc. 26. However, on January 26, 2017, the Court rejected the Recommendation because the Plaintiff had not had an opportunity to amend his complaint to correct its pleading deficiencies before the Court dismissed his complaint, and the dismissal would likely be in effect a dismissal with prejudice since the two year statute-of-limitations appeared to have run on the Plaintiff's claims. Doc. 27. Accordingly, the Court gave the Plaintiff 14 days to amend his complaint if he felt that he could correct the complaint's deficiencies. *Id.* The Plaintiff failed to redraft his complaint, and on

February 15, the Court dismissed his complaint without prejudice. Doc. 28.[1] On February 16, the Plaintiff made a filing the Court construes as a motion for reconsideration. Doc. 30.

The Plaintiff's motion states, in full:

> I just received the order to dismiss my complaint on this 31st day of January. This is the only response I was given since I filed my brief in response to the defendants motion to dismiss. But it seems that there was a response from the courts before this one. I am going to need a copy of that order and ask the court to grant me time to file the necessary motions.

Doc. 30.

The Plaintiff's filing was dated January 31 and was received on February 16. *Id.* The Plaintiff appears to assert that he never received a copy of the Recommendation. But the Clerk's Office mailed the Recommendation on December 9, 2016, and the Recommendation was not returned undeliverable. Also, the Court's January 26, 2017 order did not dismiss the Plaintiff's complaint; as discussed above, the January 26 order rejected the Recommendation and ordered the Plaintiff to amend his complaint to address the complaint's deficiencies. Doc. 27. The Plaintiff never amended. Further, on February 17, the Clerk's Office mailed the Plaintiff a copy of the Court's February 15 order (Doc. 28) dismissing the complaint after the Plaintiff failed to amend. The Plaintiff has not responded.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. "Reconsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2)

---

[1] But, as the Court noted, the applicable two-year statute of limitations appears to bar the Plaintiff from refiling his federal claims, likely making the dismissal, in effect, with prejudice as to those claims. Doc. 28 at 1 n.1.

that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (internal quotation marks and citation omitted). In his brief motion, the Plaintiff has pointed to no intervening change of law, newly discovered evidence, or clear error. The Plaintiff was afforded the opportunity to amend his complaint to address the deficiencies highlighted by the Court. He did not do so.

Accordingly, the Plaintiff's motion for reconsideration (Doc. 30) is **DENIED**.

**SO ORDERED**, this 2nd day of June, 2017.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT